IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTIN MACK,<br><br>　　Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINES, INC., HARRY POOLE, and FIDELITY & DEPOSIT COMPANY OF MARYLAND,<br><br>　　Defendant. | <br><br><br><br>CIVIL ACTION NO.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiff Martin Mack, and files this Complaint for Damages against Defendants Old Dominion Freight Lines, Inc., Harry Poole, and Fidelity & Deposit Company of Maryland showing this Honorable Court the following:

### VENUE AND PARTIES

1.

Plaintiff Martin Mack is a resident of the State of Georgia.

2.

Defendant Old Dominion Freight Lines, Inc. ("Old Dominion") is a foreign, for profit corporation authorized to transact business in the State of Georgia with its principal place of business at 500 Old Dominion Way, Thomasville, North Carolina. Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1332.

3.

Defendant Old Dominion is a commercial motor carrier as defined by O.C.G.A. § 40-1-50 *et seq.*

4.

Defendant Harry Poole is a resident of South Carolina, residing at 100 Squire Court, Goose Creek, South Carolina, 29445 and by virtue of the facts alleged herein is subject to the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1332.

5.

Defendant Fidelity & Deposit Company of Maryland covered Defendant Old Dominion with a policy of insurance at all pertinent times to this Complaint. Said policy was written and provided to protect the public against injury to person and property proximately caused by the negligence of such carrier, its servants or agents. This direct action is, therefore, permitted by O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140.

6.

Defendant Fidelity & Deposit Company of Maryland is subject to the jurisdiction of this court pursuant to 28 U.S.C.A. § 1332.

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

9.

At all times relevant to the allegations made herein, Defendant Harry Poole was operating a tractor and trailer owned by Defendant Old Dominion.

10.

Defendant Harry Poole and Defendant Old Dominion were operating under the motor carrier license, shield, and authorization of Defendant Old Dominion at all pertinent times to this Complaint, and Defendant Old Dominion's authorization, shield, and DOT number were displayed on the tractor at the time of this collision.

11.

Defendant Harry Poole was the agent, servant, or employee of Defendant Old Dominion at all pertinent times to this Complaint, and was acting within the scope of that employment at the time of the collision. Any negligence on the part of Defendant Harry Poole is imputable to Defendant Old Dominion by virtue of vicarious liability, *respondeat superior*, as well as the laws of agency in Georgia.

**FACTUAL ALLEGATIONS**

12.

Defendants have injured and damaged Plaintiff by reason of the facts set out below.

13.

On September 28, 2020, at approximately 12:42 P.M., Plaintiff was operating a 2017 Freightliner Conventional C tractor and trailer, traveling eastbound on Georgia Highway 96 approaching its intersection with Georgia Highway 358.

14.

At approximately the same time, Defendant Harry Poole was operating a 2017 Conventional Freightliner C tractor and trailer owned by Defendant Old Dominiontraveling on Georgia Highway 358 approaching the stop sign at its intersection with Georgia Highway 96.

15.

Defendant Harry Poole was traveling too fast for conditions and failed to stop at the stop sign at the intersection of Georgia Highway 96 and Georgia Highway 358, blocking Mr. Mack's lane of travel on Georgia Highway 96.

16.

Plaintiff immediately applied his brakes but was not able to avoid colliding with Defendant's tractor trailer, striking the left rear of Defendant Harry Poole's trailer. Defendant Harry Poole did not come to a stop after the collision and fled the scene of the collision traveling west on Georgia Highway 96.

17.

At the time of the collision caused by Defendant Harry Poole, Defendant Harry Poole was driving the tractor and trailer with the express permission of Defendant Old Dominion and was acting in the course and scope of his employment with Defendant Old Dominion.

18.

As a direct and proximate result of the collision complained of in this Complaint, Plaintiff sustained bodily injuries from which he did then suffer, now suffers, and will continue to suffer great pain of body and mind. Plaintiff shows further that he has incurred medical expenses, lost wages, and other special damages.

19.

Plaintiff shows that all of his injuries, damages and suffering are a direct result of and proximately caused by the negligence of the Defendants.

## COUNT I
### Negligence Against Defendant Harry Poole

20.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

21.

At the time of the subject collision, Defendant Harry Poole had a duty to other drivers on the roadway, including Plaintiff, to exercise ordinary care for the safety of others and to abide by all applicable state laws and federal rules and regulations applicable to her as an operator of a motor carrier.

22.

Defendant Harry Poole breached these duties and was negligent in the following, among other, particulars:

a.) By failing to keep a proper lookout ahead;

b.) By failing to drive a vehicle at a reasonable and prudent scene when approaching and crossing an intersection, in violation of O.C.G.A. § 40-6-180;

c.) By failing to yield the right of way while turning left in violation of O.C.G.A. §40-6-71;

d.) By failing to obey the instructions of a stop sign, in violation of O.C.G.A. § 40-6-72;

e.) By fleeing the scene of a motor vehicle accident in violation of O.C.G.A. § 40-6-270;

f.) By failing to exercise ordinary due care in the operation of a motor vehicle; and,

g.) By otherwise operating the tractor trailer in a negligent and unsafe manner.

## COUNT II
### Negligent Entrustment, Hiring, Retention & Supervision Against Defendant Old Dominion

23.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

24.

At the time of the incident giving rise to this Complaint, Defendant Old Dominion owned and had control over the tractor trailer being driven by Defendant Harry Poole, and Defendant Harry Poole was operating the tractor-trailer with the consent, permission, and knowledge of Defendant Old Dominion.

25.

Defendant Old Dominion had a duty to exercise ordinary care in the selection, retention, training and supervision of employees and not to retain them after knowledge of incompetency for the work to be performed.

26.

Prior to hiring Defendant Harry Poole, during his employment and at all times leading up to and including the subject incident, Defendant Old Dominion was aware or should have been aware of Defendant Harry Poole's propensity to operate a commercial motor vehicle in a negligent or reckless or otherwise unsafe manner, such that he was not suited for the particular employment, yet permitted Defendant Harry Poole to operate the tractor and trailer.

27.

Defendant Old Dominion was negligent in the following particulars:

a.) In negligently entrusting Defendant Harry Poole with the operation of its tractor and trailer;

b.) In negligently hiring and retaining Defendant Harry Poole;

c.) In failing to adequately train and supervise Defendant Harry Poole; and,

d.) Defendant was otherwise negligent.

28.

As a result of Defendant Old Dominion's propensities to unsafely operate a commercial motor vehicle, Plaintiff's injuries were foreseeable to Defendant Old Dominion.

## COUNT III
### Respondeat Superior Liability of Defendant Old Dominion

29.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

30.

At the time of the incident giving rise to this Complaint, Defendant Harry Poole was employed by Defendant Old Dominion and was acting in furtherance of her employer's business.

31.

Under Georgia law, Defendant Old Dominion is liable for the injuries and damages caused to Plaintiff by the negligence of Defendant Harry Poole.

32.

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained bodily injuries from which he did then suffer, now suffers, and will continue to suffer great pain of body and mind. Plaintiff shows further that he has incurred medical expenses, lost wages, and other special damages.

## COUNT IV
## Direct Action against Fidelity & Deposit Company of Maryland

33.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

34.

At all times pertinent to the facts giving rise to this Complaint, Defendant Fidelity & Deposit Company of Maryland was the liability insurance carrier with liability coverage on the tractor trailer truck owned and operated by Defendant Old Dominion, its agents or employees.

35.

Defendant Fidelity & Deposit Company of Maryland is being joined in this action pursuant to O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140.

36.

Since Plaintiff suffered injuries as a result of the negligence and other tortious or wrongful acts of the insureds, the Defendants in the above-captioned case, the condition precedent necessary to bring this action directly against Fidelity & Deposit Company of Maryland, as a joint Defendant pursuant to the aforesaid contract of insurance, has been met.

## COUNT V
## Punitive Damages

37.

After causing the collision with Plaintiff's vehicle, Defendant Harry Poole fled the scene of the collision at a high rate of speed without ever stopping to check Plaintiff's condition, which creates an inference that such flight was motivated by a sense of guilt.

38.

Defendant Harry Poole's actions in causing the collision and fleeing the scene as described above show willful misconduct, malice, wantonness, oppression, or entire want of care which show conscious indifference to the consequences of his actions so as to entitle Plaintiff to recover punitive damages against Defendants Harry Poole and Old Dominion in accordance with O.C.G.A. § 51-12-5.1.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That process and summons be issued, as provided by law, requiring Defendants to appear and to Answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiff for his injuries, damages and suffering;

D. That punitive damages be assessed against Defendants;

E. That the costs of bringing this action be taxed against the Defendants; and,

F. That Plaintiff have such other and further relief as this Court shall deem just and proper.

**RESPECTFULLY SUBMITTED** this 13th day of April, 2021.

/s/Katherine L. McArthur
KATHERINE L. MCARTHUR
Ga. Bar No. 480730

/s/Caleb F. Walker
CALEB F. WALKER
Ga. Bar No. 675784

McArthur Law Firm
6055 Lakeside Commons Dr, Ste 400
Macon, GA  31210
(478) 238-6600 phone
(478) 238-6607 facsimile
cwalker@mcarthurlawfirm.com