IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTIN MACK,<br><br>*Plaintiff*,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., and HARRY POOLE,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00118-TES |

**OMNIBUS ORDER**

At the time of a motor vehicle collision that occurred on September 28, 2020, in Twiggs County, Georgia, Plaintiff Martin Mack drove one tractor-trailer and Defendant Harry Poole, while on business for Defendant Old Dominion Freight Line, Inc. ("ODFL"), drove the other. [Doc. 1, ¶¶ 13–14]. Before the Court is ODFL's request that the Court compel the completion of a Rule 30(b)(6) deponent; a request by ODFL and Defendant Poole that the Court bifurcate the upcoming trial; Plaintiff's request for sanctions against Defendant Poole; and two motions for partial summary judgment filed by ODFL and Defendant Poole. Easy stuff first.

A.   **ODFL's Motion to Compel**

At the time of the incident in this case, Plaintiff worked for FP Enterprises, Inc. ("FP") as an independent contractor driving a tractor-trailer. [Doc. 39-1, p. 1]; [Doc. 35-1,

¶¶ 1–2]. Since some of Plaintiff's claims concern lost wages and diminished earning capacity, ODFL noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) to FP. [Doc. 39-1, pp. 1–2]; [Doc. 39-4]. FP did not move to quash or otherwise object to ODFL's efforts to depose one of its representatives. [Doc. 39-1, pp. 2, 7].

Despite the deposition notice clearly stating that ODFL intended to obtain testimony related to FP's "relationship, affiliation, or business connection with" Plaintiff, ODFL reported to the Court that "FP's representative refused to discuss Plaintiff's work for FP at any point before 2020[]" and walked out of the deposition.[1] [Doc. 39-4, p. 9]; [Doc. 39-1, pp. 2–3]; *see also* [Doc. 39-5, Perez Depo., pp. 8:9—13:13]. According to ODFL, FP's conduct thwarted its efforts to obtain testimony on this topic and several other relevant issues—issues like compliance with the Federal Motor Vehicle Safety Act, issues relating to a post-accident inspection of the tractor-trailer driven by Plaintiff, and issues regarding FP's policies and procedures for its drivers. [Doc. 39-1, pp. 3–4].

To that end, the scope of discovery, especially when it comes to "deposition-discovery rules[,] are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 507–08 (1947). Federal Rule of Civil Procedure 26(b)(1)

---

[1] Astoundingly, FP's representative thought it appropriate for him to call the shots during ODFL's deposition. That's not how it works though. Notwithstanding the FP representative's initial thoughts that this case had nothing to do with a federal judge, the Court hopes that the FP representative's presence at the hearing on ODFL's efforts to compel his testimony provided some clarity. *See* [Doc. 39-5, Perez Depo., p. 8:10–19].

2

allows parties to

> . . . obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Thus, the Court **GRANTS** ODFL's Motion to Compel [Doc. 39] and **ORDERS** FP to produce a representative that is willing and capable of responding to the topics set forth in ODFL's Notice of 30(b)(6) Deposition [Doc. 39-4] on *January 17, 2023*, at *10:00 a.m.* at the William Augustus Bootle Federal Building and United States Courthouse in Macon, Georgia.

### B.     ODFL and Defendant Poole's Motion to Bifurcate

During the Court's hearing on January 11, 2023, the Court discussed ODFL and Defendant Poole's request that it bifurcate the trial of this matter pursuant to O.C.G.A. § 51-12-5.1(d). [Doc. 41, p. 2]; [Doc. 47, p. 1]; [Doc. 77]. Although Plaintiff stated that he may prefer a non-bifurcated trial, the Court nevertheless **GRANTS** ODFL's Motion to Bifurcate [Doc. 41] and Defendant Poole's Motion to Bifurcate [Doc. 47] to "expedite and economize" the issues involved in the case. Fed. R. Civ. P. 42(b).

The trial of this matter is to occur in two phases. "In the first phase, the parties will present evidence on the liability for compensatory damages and the propriety of punitive damages[.]" *McGinnis v. Am. Home Mortg. Servicing, Inc.*, No. 5:11–CV–284

(CAR), 2013 WL 3964916, at *3 (M.D. Ga. July 31, 2013). "[I]f the jury finds that punitive damages . . . should be awarded, the parties will present evidence as to the amount of punitive damages[]" in the second phase. *Id.*

### C.  Plaintiff's Motion for Sanctions

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Alston v. City of Darien*, 750 F. App'x 825, 835 (11th Cir. 2018) (per curiam). The moving party bears the burden of proving spoliation. *Lamb v. Outback Steakhouse Fla., LLC*, No. 1:19-CV-150 (LAG), 2021 WL 4507521, at *5 (M.D. Ga. Sept. 30, 2021). To carry that burden, the moving party must show: "(1) the missing evidence existed at one time; (2) the spoliating party had a duty to preserve the evidence; and (3) the evidence was crucial—not just relevant—to the moving party's ability to prove [his] case." *Id.* (internal citations omitted).

Plaintiff seeks spoliation sanctions against Defendant Poole for his decision to "flee the scene of the wreck and avoid being tested for drugs and alcohol within the timeframe required by law." [Doc. 36-1, p. 1]. That argument faces at least two problems. First, no evidence of a drug or alcohol test existed, therefore no evidence could have been spoliated. Second, neither Defendant Poole nor ODFL were under a duty to initiate drug testing after the accident.

"In order for evidence to be spoliated, that evidence must first exist." *DeBakker v.*

*Hanger Prosthetics & Orthotics E., Inc.*, No. 3:08-CV-11, 2009 WL 5031319, at *2 (E.D. Tenn. Dec. 14, 2009); *see also LSR, Inc. v. Satellite Rest. Inc. Crabcake Factory USA*, No. 1:17-CV-3722-SAG, 2020 WL 4784774, at *3 (D. Md. Aug. 18, 2020) ("A party cannot be held responsible for spoliating evidence that never existed."). In this case, however, Plaintiff cannot show that the evidence ever existed. Although, Plaintiff admits that the evidence never existed, he argues that it should have. That's not what the law requires, though.

A party "does not commit spoliation by *failing to create* evidence, [but] only by destroying, altering, or concealing it." *I.S. ex rel. Sepiol v. Sch. Town of Munster*, No. 2:11-CV-160 JD, 2014 WL 4449898, at *9 (N.D. Ind. Sept. 10, 2014) (emphasis added). Applying that, Plaintiff's efforts to obtain sanctions for spoliation of evidence fails at the outset. Further, Plaintiff's argument that the evidence should have existed also fails.

The parties agree that the possible underlying duty to initiate a drug test arises from the Federal Motor Carrier Safety Regulations, which provides, in relevant part:

> (a) As soon as practicable following an occurrence involving a commercial motor vehicle operating on a public road in commerce, each *employer* shall test for alcohol for each of its surviving drivers:
> . . .
>
>> (2) Who receives a citation within 8 hours of the occurrence under State or local law for a moving traffic violation arising from the accident, if the accident involved:
>>
>>> (i) Bodily injury to any person who, as a result of the injury, immediately receives medical treatment away from the scene of the accident; or

>> (ii) One or more motor vehicles incurring disabling damage as a result of the accident, requiring the motor vehicle to be transported away from the scene by a tow truck or other motor vehicle.

49 C.F.R. § 382.303 (emphasis added). That regulation unambiguously places the duty to initiate testing on employers, not individual drivers. Despite this, Plaintiff urges the Court to sanction Defendant Poole—the driver—for failing to sit for a drug and alcohol test. [Doc. 36-1, p. 1]. A plain reading of 49 C.F.R. § 382.303 absolutely does not require Defendant Poole to create any evidence of a drug or alcohol test on his own. To the extent any duty arose (which it did not) to procure evidence of a drug and alcohol test under the facts surrounding the collision in this case, that duty clearly fell to ODFL—not to Defendant Poole. *See* [Doc. 1, ¶ 11] *in connection with* [Doc. 6, ¶ 11].

However, even construing Plaintiff's efforts as against ODFL, the federal regulation at issue doesn't provide grounds for spoliation sanctions. Indeed, § 382.303 lays out exactly what is needed in order to invoke an employer's duty to obtain a drug and alcohol test following an occurrence involving a commercial motor vehicle. First, a local or state law enforcement officer must issue a citation within eight hours of the accident. 49 C.F.R. § 382.303(a)(2). Both parties agree that Defendant Poole left the scene and never received a citation. [Doc. 36-1, p. 6]; [Doc. 33-1, ¶ 2]. Plaintiff, however, takes it a step further and argues the act of leaving the scene of the collision is enough to invoke spoliation sanctions. Plaintiff asks the Court to assume that if Defendant Poole would have stayed at the scene, law enforcement would have cited him for a traffic

6

violation which would have initiated ODFL's duty under the federal regulation. However, every step of that proposed chain of events requires speculation on speculation. And, speculation cannot serve as the basis for spoliation sanctions.[2] *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 5886663, at *5 (S.D. Fla. Nov. 9, 2018); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1309 (N.D. Ga. 2011).

Therefore, because law enforcement didn't issue any citation for this collision (notwithstanding the eight-hour period in which it could have), the duty from the federal regulation for ODFL to obtain a drug and alcohol test for Defendant Poole was never implicated. That said, there simply isn't an appropriate basis for the Court to conclude that Defendant Poole—or ODFL for that matter—spoliated evidence. For these reasons, the Court **DENIES** Plaintiff's Motion for Sanctions [Doc. 36]. The Court will not provide an adverse jury charge with respect to what the jury may presume given the lack of a drug and alcohol test nor will it provide an adverse jury charge that might

---

[2] Plaintiff also argues that the evidence did exist (inside of Defendant Poole's body) but because Defendant Poole left the scene, he spoliated it. However, Plaintiff's counsel could not provide any cases or other support for such an argument. Counsel directed the Court to *Little v. McClure*, where now-Chief Judge Treadwell sanctioned a party for the destruction of a hands-free device. No. 5:12-CV-147 MTT, 2014 WL 3778963, at *3 (M.D. Ga. July 31, 2014). However, that case is wholly different from the instant action. In *Little*, the plaintiff contended that the defendant caused a wreck because he was on his cell phone and that the cell phone could not be inspected because the defendant returned the phone to its manufacturer. *Id.* at *1. Obviously, in that case, there was physical evidence—a cell phone—that was destroyed. Here, however, the "physical evidence" is more tenuous. Even assuming that Defendant Poole controlled some evidence, neither he nor ODFL were under a duty to obtain it.

allow for an inference that Defendant Poole was under the influence of drugs or alcohol at the time of the collision. [Doc. 36-1, p. 8].

As discussed with the parties during the Court's hearing on January 10, 2023, the best outcome is for the jury hear all of the non-speculative facts surrounding this case. *See* [Doc. 77, p. 2]. Those facts, of course, would include the fact that Poole left the scene after the collision. The Court is confident that after hearing the evidence, the jury can decide who and what it believes. With respect to testimonial evidence regarding drugs and alcohol, Plaintiff's counsel may ask Defendant Poole whether he was under the influence of drugs or alcohol at the time of the collision. However, counsel must refrain from (1) telling the jury or eliciting testimony from witnesses that Defendant Poole or ODFL had any duty to initiate and obtain evidence of a drug or alcohol test and (2) telling the jury or eliciting testimony from witnesses that the lack of such test allows for a presumption that Defendant Poole was under the influence of drugs or alcohol.

**D.     ODFL and Defendant Poole's Motions for Partial Summary Judgment**

Given that Plaintiff alleges that Defendant Poole "was motivated by a sense of guilt" when he fled the scene of the collision, Plaintiff seeks uncapped punitive damages under O.C.G.A. § 51-12-5.1. [Doc. 33-2, p. 1 (citing [Doc. 1 ¶¶ 37–38])]. Not only do Defendant Poole and ODFL deny Plaintiff's claim for punitive damages, but they also seek partial summary judgment as to Plaintiff's efforts to reach beyond the statutory maximum allowed by O.C.G.A. § 51-12-5.1(g) and "uncap" his damages. [Doc.

33-2, p. 5]; [Doc. 34, pp. 1–2]; *see also* O.C.G.A. § 51-12-5.1(f). Defendant Poole and ODFL also seek a partial summary judgment ruling that Plaintiff was negligent per se at the time of the collision. [Doc. 33-2, pp. 15–17]; *see also* [Doc. 34, p. 1].

### 1.   Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including, "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A).[3] "When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other

---

[3] Courts may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

9

similar material negating the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Josendis*, 662 F.3d at 1315 (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Further, where a party fails to address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted).

Stated differently, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "The evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. And "if a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment"; it "must hold a trial to get to the bottom of the matter." *Sconiers*, 946 F.3d at 1263.

### 2. Punitive Damages Under Georgia Law

In Georgia, a plaintiff has a right to punitive damages in tort cases where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). However,

> In a tort case in which the cause of action does not arise from product

>liability, if it is found that the defendant acted, or failed to act, *with the specific intent to cause harm, or that the defendant acted or failed to act while under the influence of alcohol, drugs other than lawfully prescribed drugs administered in accordance with prescription, or any intentionally consumed glue, aerosol, or other toxic vapor to that degree that his or her judgment is substantially impaired, there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor* but such damages shall not be the liability of any defendant other than an active tort-feasor.

*Id.* at § 51-12-5.1(f) (emphasis added). Contending that there is a lack of evidence to support Plaintiff's claim for uncapped punitive damages, ODFL and Defendant Poole argue that they are entitled to a punitive-damages cap of $250,000. *See id.* at § 51-12-5.1(g).[4] The Court agrees.

First, with respect to the "specific intent to cause harm" portion of O.C.G.A. § 51-12-5.1(f), Plaintiff testified that he doesn't have any evidence that Defendant Poole was trying to hurt him through his actions or lack thereof leading up to the collision. [Doc. 66, Mack Depo., p. 82:13-24]. Without that evidence, there isn't any basis for the Court to deny Defendant Poole and ODFL partial summary judgment on the issue of uncapped punitive damages when it comes to "intent to cause harm." *Id.*; *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 324) (cleaned up) (noting that a moving party only has to point to "an absence of evidence to support the nonmoving party's case[]" to obtain summary judgment). Second, when it comes to impairment, there

---

[4] "For any tort action not provided for by subsection (e) or (f) of this Code section in which the trier of fact has determined that punitive damages are to be awarded, the amount which may be awarded in the case shall be limited to a maximum of $250,000.00." O.C.G.A. § 51-12-5.1(g).

12

similarly isn't (consistent with the Court's discussion above on Plaintiff's efforts to obtain sanctions regarding alleged spoliation) any evidence of alcohol or drug usage in this case to pierce the statutory cap. *See, e.g.*, [Doc. 65, Poole Depo., p. 47:11–13]; [Doc. 67, Valentine Depo., pp. 24:2—25:6 (noting that witness "did not specifically notice any signs that [he] would have contributed to [Defendant Poole] being impaired[]")].

When determining whether uncapped punitive damages are available for cases like this one, the Georgia Supreme Court instructs that "[t]he question is whether the defendant was intoxicated to the degree that his judgment was substantially impaired." *Reid v. Morris*, 845 S.E.2d 590, 597 (Ga. 2020). Here, this is no evidence of that beyond Plaintiff's mere speculation. Accordingly, Defendant Poole and ODFL are entitled to the $250,000 cap as set forth in O.C.G.A. § 51-12-5.1(g) as a matter of law.

### 3.     Negligence Per Se Under Georgia Law

Finally, ODFL and Defendant Poole argue that they are entitled to a finding that Plaintiff was negligent per se for his breach of the duty imposed by O.C.G.A. § 40-6-181. [Doc. 33-2, p. 17]; [Doc. 34, p. 1]. Since it is undisputed among the parties that Plaintiff was driving 67 miles per hour in a speed zone marked 55 miles per hour as he approached the T-intersection where Defendant Poole initiated his left-hand turn, the Court finds that Plaintiff was negligent per se. *See* [Doc. 33-1, ¶¶ 1, 8] *in connection with* [Doc. 50-1, ¶¶ 1, 8]. Consequently, the Court the Court **GRANTS** ODFL's Motion for Partial Summary Judgment [Doc. 33] and Defendant Poole's Motion for Partial

Summary Judgment [Doc. 34].

**E.**     **Conclusion**

Based on the foregoing, the Court **GRANTS** ODFL's Motion to Compel [Doc. 39], ODFL's Motion to Bifurcate [Doc. 41], and its Motion for Partial Summary Judgment [Doc. 33]. The Court also **GRANTS** Defendant Poole's Motion to Bifurcate [Doc. 47] and his Motion for Partial Summary Judgment [Doc. 34]. However, the Court **DENIES** Plaintiff's Motion for Sanctions [Doc. 36].

**SO ORDERED**, this 11th day of January, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
