IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTIN MACK,<br><br>    *Plaintiff*,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., and HARRY POOLE,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00118-TES |

**ORDER**

In this Order, the Court rules on two more pretrial matters. First, it considers Defendants Old Dominion Freight Line, Inc., and Harry Poole's request to amend the Pretrial Order [Doc. 88] entered by the Court after the Pretrial Conference [Doc. 92] on January 24, 2023. [Doc. 93, pp. 2–4]. Second, the Court considers ODFL and Defendant Poole's motion in limine to exclude certain evidence they contend became irrelevant after their confession and the Court's subsequent entry of Judgment [Doc. 101] as to the statutory maximum amount of punitive damages. [*Id.* at pp. 4–5].

    1.    **Motion to Amend Pretrial Order**

In light of the entry of Judgment on punitive damages, ODFL and Defendant Poole move to amend the Pretrial Order pursuant to Federal Rule of Civil Procedure 16 to include additional stipulations. [*Id.* at pp. 2–4]. As stated in their motion, "Rule 16(c)

of the Federal Rules of Civil Procedure permits the Court to formulate and simplify the issues, obtain admissions and stipulations about facts and documents to avoid unnecessary proof and cumulative evidence, and facilitate in other ways the just, speedy, and inexpensive disposition of the action." [*Id.* at p. 3 (citing Fed. R. Civ. P. 16(c)(1), (3)–(4), and (16))].

Although Plaintiff does not oppose this amendment, he did request that the Court reserve ruling on amending the Pretrial Order until it ruled on his Motion for Partial Summary Judgment [Doc. 35]. *See* [Doc. 97, p. 2]. Given that Plaintiff's summary-judgment motion has been resolved, *see* [Doc. 108], the Court, as requested by ODFL and Defendant Poole, will **AMEND** the Pretrial Order to include the following additional stipulations:

- **Stipulation 14**: That Plaintiff Martin Mack's contributory negligence, if any, was no more than 49.9% of the proximate cause of the subject accident;

- **Stipulation 15**: That Plaintiff Martin Mack's claims for medical special damages for his September 28, 2020, ER visit and subsequent left hernia repair, in amounts to be proven at trial or further stipulated by the parties, be awarded; and

- **Stipulation 16**: That Plaintiff be awarded at least $1 in compensatory damages.

### 2. ODFL and Defendant Poole's Motion in Limine Evidence Related to Defendant Poole's Post-Collision Conduct

With respect to ODFL and Defendant Poole's motion in limine to exclude presentation of all evidence and testimony about Defendant Poole leaving the scene of the collision, it is **GRANTED**.

Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). As noted above, ODFL and Defendant Poole have confessed judgment up to the maximum amount of punitive damages awardable. *See* [Doc. 78, pp. 11–13] *and* [Doc. 93, pp. 1–2, 5] *in connection with* [Doc. 101]. Thus, Plaintiff's argument that "[t]he jury, in its assessment of fault" as to ODFL and Defendant Poole's underlying negligence should also be entitled to infer that Defendant Poole's flight from the scene of the wreck was motivated by a sense of guilt is simply misplaced. [Doc. 97, p. 4].

Yes, the parties are, of course, entitled to present arguments relative to comparative negligence between Plaintiff and Defendant Poole for Plaintiff's injuries. But, not only has the Court already entered Judgment in Plaintiff's favor when it comes to the issue of punitive damages, but it has also—when assessing whether to cap punitive damages—already found that Defendant Poole didn't act with "the specific intent to cause harm[.]" [Doc. 78, pp. 11–13 (quoting O.C.G.A. § 51-12-5.1(f))]. Simply put, Plaintiff won on the issue of punitive damages, and just as important, under the facts of this case, he won the maximum he could win under Georgia law. And, since there is nothing left for Plaintiff to recover as to punitive damages, that issue is out of

the trial. Nothing else needs to be said.

In what has been whittled down to a trial concerning recovery for compensatory damages for a basic negligence claim, it is unnecessary "to establish a specific intent to cause harm." *Aldworth Co. v. England*, 648 S.E.2d 198, 202 (Ga. Ct. App. 2007). It is a basic tenant of tort law that "[n]egligence . . . does not require scienter but does require the breach of a duty." *Loyola Fed. Savings & Loan Assoc. v. Fickling*, 783 F. Supp. 620, 626 (M.D. Ga. 1992). Defendant Poole had conceded that he breached the legal duties owed to Plaintiff pursuant to O.C.G.A. §§ 40-6-71 and 40-6-72. [Doc. 93, p. 2]; *see also* [Doc. 88-1, p. 2, ¶¶ 12–13]. Thus, these concessions as well as the entry of Judgment on punitive damages means that Defendant Poole's state of mind, his intent, and his actions immediately after the wreck just aren't legally relevant any longer.[1] If the aftermath of the accident becomes relevant for impeachment purposes, the Court will address it at

---

[1] At oral argument, Plaintiff directed the Court to two cases to support his proposition that he should be able to tell the jury the about the aftermath of the collision—about Defendant Poole's flight from the scene. First, in *Battle v. Kilcrease*, the Georgia Court of Appeals ruled that
> [t]he conduct of a hit and run driver of an automobile . . . when taken in connection with all the circumstances, may authorize a finding that the conduct of the driver in causing the injury constituted an entire want of care and conscious indifference to consequences . . . as would authorize a recovery by the person injured for *punitive damages.*

189 S.E.2d 573, 574 (Ga. Ct. App. 1936) (emphasis added). Second, in *Bellamy v. Edwards*, the Georgia Court of Appeals, relying on its previous ruling in *Battle*, reaffirmed that "[a]lthough [a defendant's] conduct in leaving the scene *bore no causal connection to the collision*, the jury was authorized to consider [that fact] 'in connection with his other acts preceding the injury, as tending to establish his conduct in causing the injury as being negligence.'" 354 S.E.2d 434, 438 (Ga. Ct. App. 1987) (quoting *Battle*, 189 S.E.2d at 573) (emphasis added). However, the very next sentence in *Bellamy*, states that "subsequent conduct"—after the collision—"in this regard was relevant to the issue *of punitive damages*." *Id.* (emphasis added). These cases just don't apply to this rather unique factual situation where the question of punitive damages has been decided. But, again, since the Court has already entered Judgment in Plaintiff's favor on the maximum amount of punitive damages allowed under the fact of this case, punitive damages no longer have any relevance to it or its impending trial.

4

that time.

Plaintiff also contends that because ODFL and Defendant Poole confessed Judgment on punitive damages, they lose their comparative negligence claim against Plaintiff as a matter of law. [Doc. 97, pp. 2–3]. As the Court explained at oral argument, it doesn't make logical sense that just because a party admits that he breached a statutory duty, caused an injury (making him liable for some compensatory damages), and left the scene (invoking the possibility of punitive damages) somehow renders his defense that a plaintiff's speed had something to do with the collision legally irrelevant. Put more simply: Willful conduct by one party after a negligent act doesn't necessarily dilute the other party's negligence before the wreck. Here, Plaintiff admits he was speeding, and the jury will be allowed to hear about that fact so that it can determine whether his speeding contributed to whatever damages it determines he sustained from the collision.

### 3. Conclusion

For the reasons stated above, the Court **GRANTS** ODFL and Defendant Poole's Motion to Amend Pretrial Order [Doc. 93] and Motion in Limine [Doc. 93].

**SO ORDERED**, this 10th day of February, 2023.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**